**E-Filed 6/16/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SHANE C. ALBERS,<br><br>    Plaintiff,<br><br>    v.<br><br>PMP ACCESS FUND MANAGER, LLC,<br><br>    Defendant. | Case Number 5:10-CV-1054 JF (HRL)<br><br><br>Re: Docket No. 19 |
| PMP ACCESS FUND MANAGER, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SHANE C. ALBERS,<br><br>    Defendant. | Case Number 5:10-CV-1057 JF (HRL)<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND REMAND FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**<br><br>Re: Docket Nos. 16, 20 |

## I. BACKGROUND

PMP Access Fund Manager, LLC ("Manager") is the managing member of Page Mill Properties Access Fund, LLC ("Access Fund"), a real estate investment fund. Shane C. Albers is one of twenty investor members of Access Fund. Declaration of Mark J. Seifert in Support of Petition to Vacate Contractual Arbitration Award ("Seifert Decl."), Ex. A (Award) at 1-2.

During 2009, Manager initiated the underlying arbitration against Albers, claiming that Albers had failed to make a required capital contribution. Albers counterclaimed against Manager and Access Fund for rescission of his membership agreement. On December 11, 2009, following a two-day hearing, the Honorable James L. Warren (Retired) issued an arbitration award in favor of Manager and Access Fund and against Albers. The Award ordered Albers to pay a $400,000 capital contribution plus accrued interest in the sum of $61,808.75, with interest accruing until paid. Judge Warren also found in favor of Manager and Access Fund on Albers' counterclaim and awarded more than $600,000 in attorney's fees and costs jointly to Manager and Access Fund. *Id.,* Ex. A at 1-2, 35 (entering joint award in favor of "Page Mill," which was defined explicitly to include both Manager and Access Fund).

There are three separate active cases concerning the Award: the two related cases before this Court and a third action pending in the Santa Clara Superior Court. On February 8, 2010, Manager filed a petition to confirm the Award in the Santa Clara Superior Court. Seifert Decl. ¶ 2. Access Fund did not join in Manager's petition. *Id.* On February 23, 2010, Manager dismissed that action. *Id.* On February 23, 2010, Manager filed a second petition to confirm the Award in the San Francisco Superior Court, again without naming Access Fund as a party. Manager claims that its failure to name Access Fund in its petitions was an oversight. Declaration of Christine M. Morgan in Support of Petitioner's Motion to Join Indispensable Party and Remand Pursuant to 28 U.S.C. § 1447 ("Morgan Decl.") ¶ 4 (explaining that "Access Fund (which did not bring the arbitration, but ultimately was named in a counterclaim filed by Albers) was not named...This error resulted from using as templates prior petitions to confirm two other arbitration awards PMP Manager successfully obtained against two other Investor Members, Grauman Family Trust and Vertical Ventures Capital, LLC. Access Fund was not a party to the Grauman and Vertical Ventures arbitrations, but it was a party to the Albers arbitration (albeit through counterclaim only)."). On March 11, 2010, Albers removed the San Francisco Superior Court action to this Court. *Id.* ¶ 5.

On the same day, Albers also filed two additional actions in two separate fora seeking to

2

vacate the Award. *Id.* Albers' first filing was a petition in the Santa Clara Superior Court to vacate the Award in favor of Access Fund captioned *Albers v. Page Mill Properties Access Fund, LLC*, Santa Clara Superior Court Case No. 110CV166327. *Id.* Albers asserts that he filed this petition to confirm the Award "out of an abundance of caution." Opp. Mot. at 5 (stating that Access Fund did not join Manager's prior two petitions to confirm against Albers "presumably because it is insolvent", but that Albers still filed the petition to vacate against Access Fund because the statute of limitations for a petition to vacate an arbitration award is shorter than that for a petition to confirm). He also concedes that he filed the petition against Access Fund in state court because diversity is lacking between himself and Access Fund. *Id.* Albers also filed a petition in this Court to vacate the Award in favor of Manager. That case is captioned *Albers v. PMP Access Fund Manager LLC,* 10-1054 JF HRL. On March 23, 2010, the Court related that action to the removed petition originally filed by Manager in the San Francisco Superior Court. Albers' briefs in all three actions, in the words of Albers' own counsel, are "identical." *Id.* at 5, citing Seifert Decl. ¶ 6.

Four motions are before the Court:  (1) Manager's motion to dismiss case number 10-1054 (Albers' federal petition to vacate the Award) for failure to join an indispensable party that would destroy diversity jurisdiction; (2) Manager's motion to join an indispensable party and remand case number 10-1057 (Manager's petition to confirm the Award filed in the San Francisco Superior Court and removed subsequently by Albers); (3) Albers' petition to vacate the Award; and (4) Manager's petition to confirm the Award. Each motion is opposed. The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on May 14, 2010. For the reasons discussed below, the motion to dismiss case number 10-1054 and the motion to remand case number 10-1057 will be granted. The parties' cross-petitions to confirm and vacate the Award will be terminated as moot.

## II. LEGAL STANDARDS

**A. Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7)**[1]

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) may be granted when a plaintiff fails to join a non-diverse and indispensable party as that term is defined in Fed. R. Civ. P. 19. *See U.S. v. Bowen,* 172 F.3d 682, 688 (9th Cir. 1999). "In determining whether a party is 'necessary' under Rule 19(a), a court must consider whether 'complete relief' can be accorded among the existing parties, and whether the absent party has a 'legally protected interest' in the subject of the suit." *Shermoen v. U.S*., 982 F.2d 1312, 1317 (9th Cir.1992) (citation omitted). The Rule 19 inquiry is "fact specific," and the party seeking dismissal has the burden of persuasion. *Makah Indian Tribe v. Verity,* 910 F.2d 555, 558 (9th Cir. 1990).

**B. Motion to remand pursuant to 28 U.S.C. § 1447**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts...have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper only when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincal Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A motion to join an indispensable party and remand the action may be granted when the action originated in state court and the court determines that a non-diverse and indispensable

---

[1] The 2007 amendment to Rule 19 eliminated the term "indispensable" and replaced the term "necessary" with "required." "The Rules Committee advised the changes were stylistic only." *Republic of the Philippines v. Pimentel*, 553 U.S. 851, ----, 128 S.Ct. 2180, 2184, 171 L.Ed.2d 131 (2008), citing see Advisory Committee's Notes on 2007 Amendment to Fed. Rule Civ. Proc. 19, 28 U.S.C. A., p. 168 (2008). Because the traditional terms are terms of art used by courts and commentators and because the parties have used the traditional terms in their briefs, the Court will do the same here.

party as that term is defined by Fed. R. Civ. P. 19 has not been joined. *Takeda v. Northwestern Nat'l Life Ins Co.*, 765 F.2d 815, 819 (9th Cir. 1985). "Ordinarily, when removal is proper at the outset, federal jurisdiction is not defeated by later changes or developments in the suit." *Id.*, citing *Lopez v. General Motors Corp.,* 697 F.2d 1328, 1332 (9th Cir.1983); *Southern Pacific Co. v. Haight,* 126 F.2d 900, 903 (9th Cir.), *cert. denied,* 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942). However, the Ninth Circuit has "recognized an exception to this rule when an indispensable party would destroy diversity." *Id.*, citing *Othman v. Globe Indemnity Co.,* 459 F.2d 1458, 1465; *Lopez v. General Motors Corp.,* 697 F.2d at 1332; *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1374 (9th Cir.1980); *Molnar v. National Broadcasting Co.,* 231 F.2d 684, 687 (9th Cir.1956); *accord In re Merrimack Mutual Fire Insurance Co.*, 587 F.2d 642, 646 (5th Cir.1978).

### III. DISCUSSION

Because the disposition of Manager's motions to dismiss and remand depends in each case upon whether Access Fund is an indispensable party, the Court addresses the two motions jointly.[2] Rule 19 "provides a three-step process for determining whether the court should dismiss [or remand] an action for failure to join a purportedly indispensable party." *Bowen*, 172 F.3d at 688; *see also Equal Employment Opportunity Comm'n v. Peabody W. Coal. Co.,* 400 F.3d 774, 779 (9th Cir. 2005); *Takeda*, 765 F.2d at 819 (applying the three-step process in determining whether the court must remand an action for failure to join a non-diverse necessary party). First, the Court must determine whether the third party is "necessary." *Id* . A party is necessary and must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

---

[2] A federal court cannot remand an action originally filed in federal court. Accordingly, while the indispensable party analysis is identical with respect to the two related cases at issue here, only case number 10-1057 may be remanded, as it was removed by Albers from the San Francisco Superior Court. With respect to case number 10-1054, which was filed originally by Albers in this Court, the only available remedy is dismissal. *Levin v. Commerce Energy, Inc.*, — S.Ct. —, 2010 WL 2160787, at *11 (June 1, 2010) ("[F]ederal tribunals lack authority to remand to the state court system an action initiated in federal court.")

        (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
                (i) as a practical matter impair or impede the person's ability to protect the interest; or
                (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). *See also Bowen,* 172 F.3d at 688. If the third party satisfies these criteria, the Court then must determine whether joinder is "feasible." Fed. R. Civ. P. 19(b); *Bowen,* 172 F.3d at 688. If joinder is not feasible, the Court then "must decide whether the absent party is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue without the party." *Bowen,* 172 F.3d at 688, citing Fed. R. Civ. P. 19(b); *Takeda*; 765 F.2d at 819.

        **A. Whether Access Fund is a necessary party**

        "Rule 19(a) describes two categories of persons who should be joined if feasible. If [Access Fund] fall[s] into *either* of these two categories, [it is a] 'necessary party.'" *Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Committee,* 662 F.2d 534, 537 (9th Cir. 1981) (emphasis added). "The first category comprises those persons in whose absence 'complete relief cannot be accorded among those already parties.'" *Id.*; Fed. R. Civ. P. 19(a)(1)(A). "The second inquiry required by [R]ule 19(a) concerns prejudice, either to the absent persons or to those already parties. Rule 19(a)[(1)(B)(i)] provides that a person should be joined if he claims an interest relating to the subject of the action, and the disposition of the action may 'as a practical matter impair or impede his ability to protect that interest.'" *Id.* at 538. Rule 19(a)(1)(B)(ii) provides that an entity should be joined if "disposing of the action in the person's absence may leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii).

        **1. Complete relief**

        "The 'complete relief' clause of Rule 19(a) addresses the interest in comprehensive resolution of a controversy and the desire to avoid multiple lawsuits regarding the same cause of action." *Altmann v. Republic of Austria*, 142 F.Supp.2d 1187, 1211 (C.D. Cal. May 4, 2001),

citing *Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1043 (9th Cir.1983), *cert. denied,* 464 U.S. 849, 104 S.Ct. 156, 78 L.Ed.2d 144 (1983). "Nevertheless, this provision is concerned only with 'relief as between the persons already parties, not as between a party and the absent person whose joinder is sought.'" *Id.*, quoting *Eldredge*, 622 F.2d at 537; *see also Natural Resources Defense Council v. Kempthorne*, 539 F.Supp.2d 1155, 1184 (E.D. Cal. 2008).

Albers argues that the Court can provide complete relief as between himself and Manager. Opp. Mot. at 8 (contending that by ruling on the cross-petitions to confirm and vacate "the award will either be confirmed in favor of PMP Manager or, as to PMP Manager, vacated."). The Court disagrees. As Manager contends, Albers does not explain how the Court could confirm or vacate "part" of an indivisible award in favor of Manager. Because Access Fund is a jointly prevailing party to the Award, the Court cannot provide complete relief in its absence. Moreover, Albers' decision to file a counterclaim against Access Fund in the arbitration, as well as his filing of a separate action against Access Fund in the Santa Clara Superior Court requesting that the state court vacate the same Award, is further evidence that complete relief cannot be afforded without Access Fund. Accordingly, because a party is deemed necessary if complete relief cannot be granted without it, the Court concludes that Access fund is a necessary party.[3]

**B. Feasibiilty**

Because Access Fund is a necessary party, the Court next must determine whether joinder is "feasible." Fed. R. Civ. P. 19(b); *Bowen,* 172 F.3d at 688. It is undisputed that joinder is not feasible in federal court because the sole basis of federal jurisdiction is diversity, and the joinder

---

[3] Rule 19 provides two alternative bases upon which a Court may determine a party is necessary: (1) if complete relief cannot be accorded in its absence; or (2) the absent person is "so situated that disposing of the action in the person's absence may. . .impair or impede that person's ability to protect the interest [] [or] leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19. Because the first basis alone is sufficient to support a finding that Access Fund is a necessary party, the Court need not reach the alternative ground for the same conclusion. *N.D. v. Hawaii Dep't of Educ.,* 600 F.3d 1104, 1109 (9th. Cir. 2010). The issue of prejudice is addressed within the Court's analysis of whether Access Fund is indispensable.

of Access Fund would destroy complete diversity among the parties.

### C. Whether Access Fund is indispensable

If joinder is not feasible, the Court then "must decide whether the absent party is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue without the party." *Bowen,* 172 F.3d at 688, citing Fed. R. Civ. P. 19(b). In determining whether a party is indispensable, the following factors are considered:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;
> second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;
> third, whether a judgment rendered in the person's absence will be adequate; [and]
> fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*American Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1024 (9th Cir. 2002), citing Fed. R. Civ. P. 19 (b).

Albers argues that the most important question in determining whether a party is indispensable is whether or not the absent party has an interest relating to the subject of the matter and will suffer prejudice if it is not joined. Albers contends that because Access Fund shares the same interests as Manager, Manager will represent those interests adequately. At oral argument, Manager conceded that it shares the same interests as Access Fund. However, Manager also contended that it still is likely to suffer prejudice in the absence of Access Fund, as it may be subjected to collateral estoppel in the parallel state court proceeding based upon this Court's determination of the instant petitions.

Manager points to the Ninth Circuit's holding in *Takeda* that the potential for collateral estoppel against an absent party may support a determination that the party is necessary to the action. *Takeda*, 765 F.2d at 820-21. While conceding that *Takeda* has not been overturned explicitly, Albers argues that its holding regarding collateral estoppel in circumstances similar to those at issue here is no longer good law. *See, e.g. Washington v. Daley*, 173 F.3d 1158, 1167 (9th Cir. 1999) ("[a]s a practical matter, an absent party's ability to protect its interest will not be impaired by its absence from the suit where its interest will be adequately represented by existing

parties to the suit."); *see also Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir.1992), *cert. denied,* 509 U.S. 903, 113 S.Ct. 2993, 125 L.Ed.2d 688 (1993) (applying a three factor test to determine whether an absent party would be represented adequately).

This Court need not assess the continuing viability of *Takeda*. Given the multiplicity of actions and fora involved in the instant dispute, the possibility of inconsistent adjudications is obvious, and it supports Manager's argument that Access Fund may be prejudiced if not joined. Fed. R. Civ. P. 19(a)(1)(B)(ii); *see CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911-12 (9th Cir. 1991) ("Rule 19 is designed to protect the interests of absent parties, as well as those ordered before the court, from multiple litigation, inconsistent judicial determinations or the impairment of interests or rights...The Advisory Committee noted that, 'The interests that are being furthered [in Rule 19] are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter.'" ).

The second Rule 19 factor – whether the Court can shape relief to avoid prejudice to the absent party – weighs even more strongly in favor of a determination that Access Fund is an indispensable party. It would be impossible for this Court to issue an order that would not impact Access Fund directly, as Access Fund was a jointly prevailing party in the underlying arbitration. The Court cannot carve out Access Fund's entitlements pursuant to the Award from Manager's, nor could it vacate or confirm the Award without necessarily affecting the rights of Access Fund.

The third factor does not favor Albers either. If the Court were to find in Albers' favor and vacate the Award, Albers still would not have achieved complete relief, as further action in the state court would be necessary to vacate the joint award to Access Fund. As discussed above, this reality is demonstrated by Albers' own action in filing his still-active parallel state court petition to vacate the Award as to Access Fund.

Finally, the state court is an adequate alternative forum for both of the cases currently before this Court. "In state court, all the parties who *should* be joined, *can* be joined." *Patterson v. Winthrop-Breon Laboratories*, 115 F.R.D. 478, 483 (E.D. Wash. 1986), quoting *Takeda*, 765

Related Case Numbers 5:10-CV-1054 and 5:10-CV-1057 JF (HRL)
ORDER GRANTING MOTIONS TO DISMISS AND REMAND FOR FAILURE TO JOIN AN INDISPENSABLE PARTY
(JFLC1)

F.2d at 821. With respect to case number 10-1057, which was removed by Albers from the San Francisco Superior Court, Albers already has asserted a "petition to vacate" in his response to Manager's petition to confirm the Award. This pleading effectively would serve as a petition to vacate if the action were remanded to state court. *See* Cal. Code Civ. Proc. § 1285.2 ("A response to a petition under this chapter may request the court to dismiss the petition or to confirm, correct or vacate the award.").[4] With respect to case number 10-1054 filed by Albers in this Court, Albers argues that dismissal would create a risk that a new petition to vacate would be barred by the statute of limitations. Albers acknowledges that *he* believes tolling would apply and that such a petition would not be barred, but he expresses concern that *Manager* may argue otherwise and that a state court could rule otherwise. However, in light of Manager's concession that Albers' opposition to Manager's petition to confirm the Award may be recognized by the state court as a petition to vacate the Award, this point appears to be moot. *See* Cal. Code Civ. Proc. § 1285.2.

"The availability of an alternative forum weighs strongly in favor of remanding this case. This case is still young. . . There would be little duplication of effort if this case were to return to the state court." *Patterson,* 115 F.R.D. at 483, quoting *Takeda*, 765 F.2d at 821. "On the other hand, judicial efficiency would not be promoted by permitting this case to go forward in federal court" as litigation between Albers and Access Fund will be "required to settle this controversy fully." For all of these reasons, the Court concludes that Access Fund is an indispensable party to this action.

Finally, it is unclear whether 28 U.S.C. § 1447(e) applies to Manager's motion to remand. That statute governs the procedure "after removal [when] the plaintiff seeks to join additional *defendants* whose joinder would destroy subject matter jurisdiction" and the court considers

---

[4] At oral argument, Albers pointed out that if the Court were to remand case number 10-1057, the action would return to the San Francisco Superior Court. Accordingly, Albers contended that the case still would be in a different venue than its action against Access Fund in the Santa Clara Superior Court. However, as the Court noted and Albers readily conceded, there are relatively simple procedural means for resolving this situation within the state court system.

whether to "deny joinder, or permit joinder and remand the action to the State Court." (emphasis added).  While the Court now considers whether or not to remand the action based upon a *plaintiff's* request to join a party that would destroy subject matter jurisdiction, the indispensable party is a *co-plaintiff*.  The unique circumstances in this action are the result, at least in part, of Manager's own inadvertent failure to name Access Fund as a party in its petition to confirm the Award.  However, while not all of the traditional factors considered in a Section 1447(e) analysis are applicable, there appears to be no reason that case number 10-1057 cannot be remanded under that statute.  In deciding whether to permit joinder under 28 U.S.C. 1447(e), a district court should consider the following factors:  (1) whether the party sought to be joined is needed for just adjudication and would be subject to joinder under Federal Rule of Civil Procedure 19(a); (2) whether the applicable statute of limitations would prevent the filing of a new action against the defendant sought to be joined if the court denied joinder; (3) whether there has been unexplained delay in seeking joinder; (4) whether joinder is sought for the sole purpose of defeating federal jurisdiction; and (5) whether the claim against the new party appears to be valid. *Clinco v. Roberts,* 41 F.Supp.2d 1080, 1082 (C.D. Cal. 1999) (citations omitted).  Courts "look with particular care" at the fourth factor. *Desert Empire Bank v. Insurance Co. of North Am.,* 623 F.2d 1371, 1376 (9th Cir. 1980).

As discussed at length above: (1) Access Fund is subject to joinder under Rule 19(a); (2) the statute of limitations would not impact the remanded action given that Albers has filed a response to Manager's petition to confirm the Award which may serve as a petition to vacate in state court; (3) Manager did not delay in seeking joinder upon realizing its error;[5] (4) joinder is not sought for the purpose of defeating federal jurisdiction, but rather is necessary for the purpose of achieving complete relief; and (5) the proposed new party is a party to the underlying arbitration award.

Finally, with respect to the fourth and most important factor, the Court is constrained to

---

[5] Albers removed case number 10-1057 on March 11, 2010, and Manager moved to join Access Fund and remand the action less than two weeks later on March 23, 2010.

point out that if either party may be suspected of forum shopping in the instant action it is Albers. Albers has challenged the same Award in three separate actions – the two related actions before this Court and the parallel proceeding against Access Fund in the Santa Clara Superior Court. Albers argues that he has pursued this course of conduct consistent with his constitutional right to be heard in federal court as a party to a controversy concerning citizens of different states. U.S. Const. Art. III, § 2 ("The judicial Power shall extend to all Cases, in Law and Equity, arising...between Citizens of different States"). However, if Access Fund is an indispensable party, there is no basis for diversity jurisdiction. On one hand, Albers attempts to convince the Court that Access Fund is ancillary to the cross-petitions to vacate and confirm the Award. On the other hand, Albers himself filed a counterclaim for rescission against Access Fund during the arbitration proceedings.[6]

### V.  ORDER

Good cause therefor appearing, Manager's motion dismiss case number 10-1054 is GRANTED. The Clerk shall enter judgment and close the file with respect to case number 10-1054. Manager's motion to remand case number 10-1057 also is GRANTED; that case is hereby remanded to the San Francisco Superior Court. The Clerk shall transmit the file for case number 10-1057 to the San Francisco Superior Court. The cross-petitions to confirm and vacate the Award are TERMINATED as moot.

**IT IS SO ORDERED.**

DATED: 6/16/2010



_____
JEREMY FOGEL
United States District Judge

---

[6] Because it will dismiss case number 10-1054 and remand case number 10-1057, the Court does not address the merits of the parties' cross-petitions to vacate and confirm the Award.

12

Related Case Numbers 5:10-CV-1054 and 5:10-CV-1057 JF (HRL)
ORDER GRANTING MOTIONS TO DISMISS AND REMAND FOR FAILURE TO JOIN AN INDISPENSABLE PARTY
(JFLC1)